# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

HAKEEM MUSTAFIA MUHAMMAD,
Appellant,

v.

DEPARTMENT OF THE ARMY,
Agency.

DOCKET NUMBERS
AT-315H-14-0356-I-1
AT-1221-14-0160-W-1

DATE: AUGUST 27, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Hakeem Mustafia Muhammad, Madison, Alabama, pro se.

Kathryn R. Shelton, Esquire, Redstone Arsenal, Alabama, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1  The appellant has filed petitions for review of the initial decisions in the above-noted appeals, which dismissed his individual right of action (IRA) and probationary termination appeals for lack of jurisdiction. We JOIN the two appeals because they concern the same termination action. *See* 5 C.F.R.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

§ 1201.36. Generally, we grant petitions such as these only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in these appeals, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petitions for review. Therefore, we DENY the petitions for review, and AFFIRM the initial decisions, which are now the Board's final decisions. 5 C.F.R. § 1201.113(b).

¶2       The agency appointed the appellant as a GS-9 Employee/Labor Relations Intern, effective January 14, 2013, subject to a 1-year probationary period. MSPB Docket No. AT-315H-14-0356-I-1, Initial Appeal File (IAF I-1), Tab 4 at 10.   On November 4, 2013, while the appellant was still serving his probationary period, the agency notified him that he would be terminated from his position, effective November 15, 2013, because he:   (1) provided false information on the Optional Form 306 (OF-306) he completed during the hiring process;[2] (2) was still awaiting a security clearance after 8 months in his position; (3) allowed the balance on his government credit card to become delinquent, as a result of a charge he made on the card to attend a training course; (4) reported late to Basic Classification and Basic Staffing training courses; and (5) exhibited

---

[2] According to the agency, in response to Question 12, the appellant stated that he had never been terminated from a position.  IAF I-1, Tab 1 at 23.  However, a Standard Form 50 indicates that he was terminated, effective August 18, 2011, from a position with another federal agency.  *Id.*; IAF I-1, Tab 4 at 9.

a negative attitude when, in response to being asked what he had learned during the Basic Staffing class, he stated that he "learned [he] did not want to work in Staffing." IAF I-1, Tab 7 at 5-8; *see* IAF I-1, Tab 1 at 1 (the appellant indicating, in box 11 on his initial appeal form, that he was serving a probationary, trial, or initial service period at the time of his termination).

¶3        The November 4 termination notice did not afford the appellant the opportunity to respond to the proposed termination, as required under 5 C.F.R. § 315.805, because it relied in part on a pre-appointment reason—his alleged provision of false information on an employment form. IAF I-1, Tab 7 at 5-8. Nonetheless, on November 12, 2013, the appellant provided information in response to the November 4 termination notice. *See* IAF I-1, Tab 1 at 22; *see also* MSPB Docket No. AT-315H-14-0356-I-1, Petition for Review File (PFR File I-1), Tab 1 at 5 ("On the advice of my division director I wrote up a summary stating my position regarding the termination proposal."). The deciding official considered the appellant's response, and the agency rescinded the November 4 termination notice and replaced it with a new notice on November 18, 2013. IAF I-1, Tab 1 at 22-25. The November 18 notice asserted the same bases for the appellant's termination. *Id.* at 23-25. The deciding official concluded, after "carefully review[ing]" the appellant's November 12 response, that termination was still appropriate, and the agency terminated the appellant, effective November 19, 2013. *Id.* at 22-25; IAF I-1, Tab 4 at 12.

¶4        The appellant filed an IRA appeal, alleging that the agency terminated him based on his whistleblowing activity. MSPB Docket No. AT-1221-14-0160-W-1, Initial Appeal File (IAF W-1), Tab 1. He also alleged that the agency failed to follow the procedural requirements of 5 C.F.R. § 315.805, and he requested a hearing. *Id.* at 2; *see* IAF I-1, Tab 1 at 2. The regional office docketed an IRA appeal and a separate probationary termination appeal. IAF W-1, Tab 2; IAF I-1, Tab 3.

¶5    The administrative judge dismissed both appeals for lack of jurisdiction, without hearings.  He found that the appellant failed to nonfrivolously allege that the agency did not comply with the procedures of 5 C.F.R. § 315.805.[3]  IAF I-1, Tab 13, Initial Decision.  As to the appellant's IRA appeal, the administrative judge found that the appellant failed to prove that he exhausted his administrative remedies before the Office of Special Counsel (OSC).  IAF W-1, Tab 8, Initial Decision (ID W-1).  The appellant has filed petitions for review in both appeals. PFR File I-1, Tab 1; MSPB Docket No. AT-1221-14-0160-W-1, Petition for Review File (PFR File W-1), Tab 1.

The appellant has not nonfrivolously alleged that the agency failed to comply with the procedural requirements of 5 C.F.R. § 315.805.

¶6    When an agency proposes to terminate a probationary employee for reasons based in whole or in part on conditions arising before his appointment, he is entitled to:  (1) advance written notice of the reasons for the proposed action; (2) a reasonable time to file a written answer and supporting affidavits, which the agency must consider in reaching its decision; and (3) written notification of the agency's final decision, at the earliest practicable date, but no later than at the time the action will become effective.  5 C.F.R. § 315.805.  Such an employee may appeal his termination to the Board on the ground that it was not effected in accordance with the procedural requirements of 5 C.F.R. § 315.805.  5 C.F.R. § 315.806(c).  In such appeals, the merits of the agency's decision are not before the Board.  *Hope v. Department of the Army*, 108 M.S.P.R. 6, ¶ 7 (2008).  Rather, if an appellant nonfrivolously alleges that he was terminated based in whole or in part on pre-appointment reasons, and that the agency failed to afford him the procedural protections of 5 C.F.R. § 315.805, then the Board has jurisdiction to determine whether the agency, in fact, failed to follow the procedures of 5 C.F.R.

---

[3] The administrative judge informed the appellant that he also could establish Board jurisdiction by nonfrivolously alleging that his termination was based on his marital status or political affiliation, but the appellant did not make any such claim, and does not so allege on review.  IAF I-1, Tab 3 at 2; *see* 5 C.F.R. § 315.806(b).

§ 315.805 and, if so, whether such procedural error was harmful. *Id.*; *Jordan v. Department of the Air Force*, 61 M.S.P.R. 388, 394 (1994).

¶7        Here, the agency's November 4 notice did not comply with the requirements of 5 C.F.R. § 315.805.  However, the agency subsequently cancelled that notice and, before the appellant's removal became effective, issued a new decision after considering his November 12 response.  On review, the appellant states that although the deciding official "insisted that she would review" his November 12 response, he is nonetheless concerned that she did not do so "as her mind was set on [his] termination."  PFR File I-1, Tab 1 at 5.  This unsupported statement is insufficient to establish Board jurisdiction, as the record evidence indicates that the deciding official considered his response, and the appellant has presented no evidence to the contrary.  Notably, in addition to asserting that she had "carefully reviewed" the appellant's response, the deciding official provided specific responses to claims the appellant appears to have raised in response to the proposed termination notice; for example, she indicated that she: (1) reviewed an internal regulation the appellant cited but found it to be inapplicable; and (2) considered his contention that the circumstances surrounding his previous employment remained unresolved because he had filed an appeal, but did not agree that it justified his response to Question 12 on the OF-306, particularly because he failed to clarify or explain his response in the additional space provided on the form.[4]  IAF I-1, Tab 1 at 22.  We therefore AFFIRM the dismissal for lack of jurisdiction because the appellant has not nonfrivolously alleged that the agency failed to afford him the procedural protections of 5 C.F.R. § 315.805.[5]

---

[4] The appellant's November 12 response is not in the record.  However, he admits that he submitted a response.  PFR File I-1, Tab 1 at 5.  Further, in this appeal, the appellant has raised arguments similar to those which the decision letter appears to address.  *See, e.g., id.* at 6-8.

[5] The appellant also alleges that he was entitled to the procedures set forth at 5 C.F.R., part 752, subpart D.  PFR File I-1, Tab 1 at 5-6.  This is incorrect because these

¶8    The appellant raises several arguments regarding the merits of the agency's termination action, including that:  (1) the agency violated various internal regulations, and his rights, in relying upon the fact that he had yet to receive a decision regarding his security clearance; (2) he exhibited "superb performance and conduct" during his tenure with the agency; (3) he did not receive any negative counseling regarding his government travel card balance, tardiness during training, and negative attitude; (4) employees in other regions are not required to obtain security clearances; and (5) all records from his previous employment were "on hold" due to an equal employment opportunity complaint he filed, so the information he provided on the OF-306 regarding the circumstances under which he left his prior position was not false.  PFR File I-1, Tab 1 at 6-10; PFR File W-1, Tab 1 at 2-3.  However, we do not address these arguments because we lack jurisdiction over these appeals.[6]  *See Hope*, 108 M.S.P.R. 6, ¶ 7 (2008).

---

regulations expressly state that they do not apply to competitive service employees serving a probationary or trial period who have not completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less. 5 C.F.R. §§ 752.401(c)(2), (d)(13).  5 U.S.C., chapter 75, to which the appellant also cites, is similarly inapplicable.  *See* 5 U.S.C. § 7511(a)(1)(A).  The administrative judge informed the appellant of what he needed to establish to show that he was not a probationer and had chapter 75 appeal rights, but the appellant has not done so.  IAF I-1, Tab 3 at 3-4.

[6] The appellant states that the agency failed to respond to his discovery requests.  PFR File I-1, Tab 1 at 9-11.  He argues that the agency's discovery responses would have disproved its allegations forming the basis for its termination action, shown that the agency obstructed his rights by preventing him from participating in required training, and proved that the agency retaliated against him because of his alleged whistleblowing activity.  *Id.* at 9-10.  None of this information would change the outcome in this matter.  Moreover, in support of this claim, he submits discovery requests captioned with MSPB Docket No. AT-1221-14-0160-W-1, which he served to the agency on or about March 20, 2014.  *Id.* at 22-34.  The initial decision in that matter was issued on January 17, 2014, so the appellant's requests were untimely.  ID W-1; *see* 5 C.F.R. § 1201.73(d)(4).  If the appellant's March 20 discovery requests were incorrectly captioned and were actually intended for MSPB Docket No. AT-315H-14-0356-I-1, then we note that there is no evidence that he timely initiated discovery prior to serving the March 20 requests, and it therefore appears that the requests were served over a month

<u>The appellant has not established Board jurisdiction over his IRA appeal.</u>

¶9    On his initial appeal form, the appellant stated that he filed a complaint with OSC on November 18, 2013, and had not yet received written notice that it had made a decision or terminated its investigation.  IAF W-1, Tab 1 at 22.  The administrative judge ordered the appellant to file evidence and argument to meet his burden to establish jurisdiction by showing that he exhausted his administrative remedies before OSC and making nonfrivolous allegations that: (1) he engaged in whistleblowing activity by making a protected disclosure; and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action against him.[7]   IAF W-1, Tab 3; *see Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶ 25 (2013).  The appellant alleged that he made protected disclosures to the Division Director, regarding the aforementioned training courses, when he informed her that: (1) the Human

---

beyond the deadline to do so.  *See* IAF I-1, Tab 3 at 6; *see also* 5 C.F.R. § 1201.73(d)(1).  The appellant also failed to comply with the requirements for filing a motion to compel.  *See* 5 C.F.R. § 1201.73(c).  Further, instead of serving his discovery requests upon the agency's representative, he served separate sets of requests directly to three different witnesses, which is improper and exceeds the allowable number of interrogatories.  PFR File I-1, Tab 1 at 16-17, 22-34; *see* 5 C.F.R. § 1201.73(e).  Thus, to the extent that the appellant contends the administrative judge committed any error as to his discovery requests, we disagree for the foregoing reasons.

[7] In his jurisdictional order, the administrative judge stated that the appellant must nonfrivolously allege that he made his disclosures to "someone other than the alleged wrongdoer," and that a "disclosure made in the normal course of [one's] job responsibilities is not protected as whistleblowing."  IAF W-1, Tab 3 at 3-4.  This is incorrect.  The Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-199, 126 Stat. 1465 (WPEA), which became effective in December 2012, provides protection to both disclosures made in the course of an employee's normal duties and disclosures made to the alleged wrongdoer.  5 U.S.C. §§ 2302(f)(1)(A), (f)(2); *see also Day v. Department of Homeland Security*, 119 M.S.P.R. 589, ¶ 18 (2013).  We discern no harm because the OSC letters the appellant submits on review, which relate to his OSC complaint about his termination, do not concern any such disclosures.  PFR File W-1, Tab 1 at 7, 9; *see Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

Resources (HR) Director failed to provide emergency contact information for himself and the course instructors to course attendees; (2) on one of the days when he arrived late, his coworker had informed the instructor, on his behalf, that he was delayed; (3) one student arrived 4 hours late and did not inform the instructor of his whereabouts; and (4) the courses did not provide detailed instructions to aid in the learning process. IAF W-1, Tab 5 at 1-2. However, he failed to submit any evidence or argument indicating that he exhausted his administrative remedies before OSC. We therefore AFFIRM the administrative judge's initial decision finding that the appellant failed to establish Board jurisdiction over his IRA appeal.

¶10 On review, the appellant submits two letters from OSC, both dated December 30, 2013, informing him of its final determination to close his case and advising him of his right to seek corrective action from the Board. PFR File W-1, Tab 1 at 7-10. Ordinarily, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115. The appellant has made no such showing. However, the Board will consider evidence of OSC exhaustion submitted for the first time on review which does not meet the criteria under 5 C.F.R. § 1201.115, if it warrants an outcome different from that in the initial decision. *Atkinson v. Department of State*, 107 M.S.P.R. 136, ¶ 12 (2007).

¶11 OSC's letter indicates that the appellant alleged that he was terminated in reprisal for disclosing that the HR Development Training Manager's "accusation that [he was] tardy to a training class was untrue" and that he "failed to provide students with contact information for adequate emergency communications with instructors." PFR File W-1, Tab 1 at 7. Thus, we find that he exhausted his administrative remedies regarding his alleged disclosures that: (1) the HR Director failed to provide to course attendees emergency contact information for himself and the course instructors; and (2) on one of the days when he arrived late

to training, his coworker had informed the instructor, on his behalf, that he was delayed.[8]

¶12    Notwithstanding, we still find that we lack jurisdiction because the appellant has not nonfrivolously alleged that the aforementioned disclosures are protected.    Protected whistleblowing occurs when an employee makes a disclosure that he reasonably believes evidences a violation of law, rule or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health and safety.    5 U.S.C. § 2302(b)(8); *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 5 (2013).    As to establishing Board jurisdiction, an appellant must nonfrivolously allege that he had a reasonable belief that his disclosures were protected, i.e., that the matter disclosed was one which a disinterested observer with knowledge of the essential facts known to, and readily ascertainable by, the appellant could reasonably conclude that the actions evidenced a violation of a law, rule, or regulation, or one of the other conditions set forth in 5 U.S.C. § 2302(b)(8). *Mudd*, 120 M.S.P.R. 365, ¶¶ 5, 8.

¶13    We find that no employee could reasonably believe that disputing an instructor's assertions regarding his tardy arrival to training constitutes a disclosure which evidences any of the situations specified in 5 U.S.C. § 2302(b)(8).    Further, the appellant has provided no explanation as to why he believes that the HR Director's failure to provide emergency contact information constitutes one of the situations specified in 5 U.S.C. § 2302(b)(8).

---

[8] The letter provides no indication that the appellant exhausted his administrative remedies with respect to his alleged disclosures that:  (1) one student arrived 4 hours late and did not inform the instructor of his whereabouts; and (2) the courses did not provide detailed instructions to aid in the learning process.  PFR File W-1, Tab 1 at 7.  There is similarly no evidence that the appellant exhausted his administrative remedies with respect to his alleged disclosure, which he identifies on review, that the training resources were inadequate because there were no computers available.  *Id.* at 1, 7.  We therefore lack jurisdiction over these claims.

¶14    Based on the foregoing, we find that the additional evidence the appellant submitted on review regarding his OSC complaint is insufficient to establish Board jurisdiction over his IRA appeal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff.

Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.